UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

MOTION, PURSUANT TO SECTION 2255 OF TITLE 28
UNITED STATES CODE

ATTACKING A SENTENCE IMPOSED BY THAT COURT

UNITED STATES OF AMERICA
VS.

Damone Storey

(name of movant)
(Full name under which you
were convicted)

CV 08    3839    (PR)

CASE NO.
(To be supplied by the
Clerk of the District Court)
Sup. Ct. No.# CR08-28075

## INSTRUCTIONS-READ CAREFULLY

In order for this motion to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten) by the Movant, under penalty of perjury, and it shall set forth in concise form the answers to each applicable question. If necessary, Movant may finish his answer to a particular question on the reverse side of the page or on an additional blank page Movant shall make it clear to which question any such continued answer refers.

Since every motion under Section 2255 of Title 28, United States Code, must be made under penalty of perjury, any false statement of a material fact therein may serve as the basis of prosecutions and conviction for perjury. Movant should therefore exercise care to assure that all answers are true and correct.

If the motion is made in forma pauperis, it shall include an affidavit (page 6 of this form) setting forth information which establishes that the Movant will be unable to pay the fees and costs of the 2255 proceedings. When the form is completed, the original and 2 copies shall be mailed to

1

-1-

the Clerk of the District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

1. Place of detention _Deuel Vocation Institution, P.O. Box 600, Tracy, Calif. 95378-0600_

2. Name and location of Court which, and name of judge who, imposed sentence _Superior Court of California County of San Joaquin, 222 East Weber Ave, #303, Stockton, CA. 95202-2777_

3. The indictment number or numbers (if known) upon which the offense or offenses for which sentence was imposed.:

   (a) _Cal. Pen. Codes - §§§ 12020, 12021, 12025, 496, H811364_
   (b) _____
   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

   (a) _(Sept. 16, 2007)_
   (b) _____
   (c) _____

5. Check whether a finding of guilty was made:

   (a) after a plea of guilty  _(a) ✓_
   (b) after a plea of not guilty _____
   (c) After a plea of nolo contenders _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

   (a) a jury
   (b) a judge without a jury  _(b) ✓_

7. Did you appeal from the judgment of conviction or the imposition of sentence? _NO_

8. If you answered "yes" to question 7, list

   (a) the name of each court to which you appealed:

   I     _N/A_
   11    _____
   111   _____

   (b) the result of each such court to which you appealed:

I _____ N/A _____
II _____
III _____

(b) the date of each such result:

I _____ N/A _____
II _____
III _____

(c) If known, citations of any written opinions or orders entered pursuant to such results:

I _____ NONE _____
II _____
III _____

**9.** State concisely the grounds on which you base your allegation that the sentence which was imposed on you is invalid.

(a) Petitioner/Plaintiff's Challenge is to the Duration of Confinement beyond the Statutory imposed Sentence by the Court, which has exceeded 50% of the (2 yrs. 8-months) required by the court to be served (I) have completed (28-mos) (2 yrs. 4-mos.) on a (32-mos.) Sentence, Violation of my Rights.

(b) _____

(c) _____

**10.** State concisely and in the same order the facts which support each of the grounds set out in (9):

(a) (Petitioner/Plaintiff) is incarcerated beyond expiration date of state (sentence/conviction) with 50%. Is acting (In pro se) (in his) own defense. This an action brought by the (Plaintiff/Petitioner) against the Defendant, et al. who → Continue. pg 4

(b) _____

(c) _____

Continu, pg. 3

in their individual and Representative Capacities, illegally, Caused (him) to be imprisoned at the (Deuel Vocation Institution) D.V.I. Prison Facility for a Period (480 days) which is (8 ½) months beyond the maximum expiration date (of his) State Sentence.

11. Have you previously filed petitions for habeas corpus motions under section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?
28 U.S.C. §§ 2255, 2241, 1331, 1343.(3).(4) F.R.C.P.-§8(a)

12. If you answered "yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof:

    I    N/A
    11
    111

    (b) the name and location of the court in which each was filed:

    I    N/A
    11
    111

    (c) the disposition thereof:

    I    N/A
    11
    111

    (d) the date of each disposition

    I    N/A
    11
    111

    (e) if known, citations of any written opinions or orders entered pursuant to each such disposition:

    I    N/A
    11
    111

13. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under section 2255 of Title 28, United States Code, or any other petition, motion or application?    NO

14. If you answered "yes" to (13), identify

    (a) which grounds have been previously presented:

The (Plaintiff/Petitioner) in this Action seeks Declaratory Relief and Money Damages for Violation of (his) Federal Protected Rights, Privileges and immunities Secured under the 8th, 5th, 13th And 14th Amends. to the U.S. Const. purs. 28 U.S.C. §§ 2255, 2241, 1331, 1343(3),(4).

The Jurisdiction of this Court arises under 28 U.S.C. §§ 2255, 2241, 1331, 1343,(3),(4), 2201, 2202.

The Defendant (Tom Hoffman) is employed as a County official Superior Court Judge of San Joaquin County Court System, for the (State of Calif.) in the (City of Stockton), who Convicted Plaintiff.

The Defendant (Steve Moore) is employed by (C.D.C.R.) (Calif. Dept. of Corrections and Rehabilitation) as the Warden of (D.V.I.) Prison (Deuel Vocational Institution 23500 Kasson Road, P.O. Box #400, Tracy, Calif. 95378-0400) And as Such, is Responsible for the Operations, Oversite of Prison Administration and it's personnel, And the Safety and Security of the Prison, Including the Computation of time vested Credits of Parolee's time Served in (his) Custody and the setting of their Parole Dates for immediate Release.

On And before (Oct. 05, 2005) the Plaintiff (Petitioner) was Legally Incarcerated at the (D.V.I.) Prison purs. to a Judgment issued by the (Superior Court of San Joaquin) in the city of Stockton (State of Calif.), following (his) felony Conviction. The legal imposed Sentence of the (Plaintiff/Petitioner) Expired on (April. 5, 2008) as time Served (848 days) Credit.

As a result of the "Intentional Conduct", the "Reckless Conduct" or the "Gross negligent Conduct" of the defendant--et.al. Herein, the (Plaintiff/Petitioner) was detained at the (D.V.I.) Prison Correctional facility beyond the Maximum Expiration Date of Sentence.

Plaintiff was held in Custody at the (D.V.I.) Prison illegally and in violation of (his) Constitutionally Protected

—5—

rights to Liberty until (April, 05, 2008), (120 days) after the expired maximum sentence of (his) Release Date. Immediately upon receiving this Information (Plaintiff-Petitioner) filed an Appeal complaint to (D.V.I.) Prison Warden (Steve Moore) and (Cliff S. White) on (7/26/08) and have not received any results.

Upon Information and belief, the failure of communication of the (Plaintiff/Petitioner's) Sentence, is intentional in nature and Matter of Policy, as there exists no system by which the Jail time computation of a local sentence, is communicated to State authorities.

The failure of Defendant, et.al. to implement the law, to properly communicate State law Sentence to properly Impliment vested Credits to (Plaintiff/Petitioner's) Sentence violated the (His) Fed. Protected rights under Statutes of the (State of Calif.) and Under United States Constitution.

The Defendant, et.al. Warden, Cliff, and Judge have an Affirmative Duty to properly compute (Plaintiff's) maximum expiration Date, and Release thereon.

As a result of the foregoing, the (Plaintiff/Petitioner) was deprived of (his) right to be free of excessive punishment, Peonage, Servitude and Slavery, under the 8th, 5th, 13th and 14th Amends. of the U.S. Constitution, and the Substantive and Procedural Due Process guaranteed by State and Federal Laws.

Wherefore (Plaintiff) request this Court Grant Relief and Damages of $120.00 each that I am Beyond my Parole Release Date. (April, 5, 2008)

Respectfully Submitt,

Date, Aug. 4, 2008

x_____

(In Pro Se)

I     N/A
II
III

(b) the proceedings in which each ground was raised:

I     N/A
II
III

15. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea?    YES / Public Defender

   (b) your trial, if any?    YES / Public Defender

   (c) your sentencing?    YES / Public Defender

   (d) your appeal, if any, from the judgment of conviction of the imposition of sentence?
        None

   (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed? (In pro se)

16. If you answered "yes" to one or more parts of (15), list

   (a) the name and address of each attorney who represented you:

I Public Defender - Lois Keenan, 102 So. San Joaquin, Rm. #1, P.O. Box #201030 Stockton, Calif. 95201-9030

II

III

WHEREFORE, movant prays that the Court grant movant relief to which he may be entitled in this proceeding.

Signed under penalty of perjury of the State of California at Tracy, CA. 95378-0600
(Aug. 9, 2008)
Date                         Signature of Movant

5

-7-



Damone Storey #T-95072
Deuel Vocational Institution
P.O. Box #600 95378-0600
Tracy, Calif. 95378-0600

"Confidential"
Legal Mail

U.S. District Court of Calif.
Northern District of California
450 Golden Gate Ave.
San Francisco, CA. 94102

STOCKTON/STKN
CA 952 3 T
05 AUG 2008 PM

2255 Motion